UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COMERICA BANK, | ) |
| | ) |
| Plaintiff, | ) 05 C 1319 |
| | ) |
| v. | ) |
| | ) Honorable Charles R. Norgle |
| FRANK ESPOSITO and | ) |
| LUCILLE ESPOSITO, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Charles R. Norgle, District Judge

Before the court is Plaintiff Comerica Bank's Motion for Summary Judgment. For the following reasons, the Motion is granted.

## I. BACKGROUND

### A. Facts

Plaintiff Comerica Bank ("Comerica") is a Michigan banking corporation with its principal place of business in Detroit, Michigan. Defendants Frank Esposito ("Frank") and Lucille Esposito ("Lucille") are citizens of Illinois.

On August 31, 2001, Comerica made a $445,000 loan to WE Enterprise, Inc. ("WE"), an Addison, Illinois corporation, doing business as the Minuteman Press. Comerica made this loan pursuant to a Note dated August 31, 2001. This Note was executed between Comerica and WE. Frank signed the Note on behalf of WE, as its President. Paragraph 1 of the Note reads, "PROMISE TO PAY: In return for the Loan, Borrower promises to pay to the order of Lender

1

the amount of Four Hundred Forty Five Thousand Dollars and No/100 ** ** $445,000.00**

Dollars, interest on the unpaid balance, and all other amounts required by the Note." Paragraph 5

of the Note provides that the "Borrower is in default under this Note if Borrower does not make a

payment when due under this Note," or if certain other events occur. Paragraph 6 of the Note

provides that if the Borrower defaults, the Lender may, *inter alia*, bring suit against the

Borrower.

The Note was secured by a Security Agreement dated August 31, 2001. Frank signed the

Security Agreement on behalf of WE, as its President. This Security Agreement provides in part,

"As of 8/31/01, for value received, the undersigned . . . grants to Comerica Bank . . . a security

interest and lien . . . in the Collateral . . . to secure payment when due . . . of all existing and

future indebtedness . . . ." The assets which secure Frank's obligations to Comerica are, *inter*

*alia*, a third mortgage on a home owned by Frank and Lucille in Glen Ellyn, Illinois, an

assignment of Frank's life insurance policy, and an assignment of a Franchise Agreement for the

operation of the Minuteman Press in Addison, Illinois. Frank also signed an Unconditional

Guarantee on August 31, 2001. This Unconditional Guarantee provides, in paragraphs 1 and 2,

that the

> Guarantor unconditionally guarantees payment to Lender of all amounts owing under
> the Note. This guarantee remains in effect until the Note is paid in full. Guarantor
> must pay all amounts due under the Note when Lender makes written demand upon
> Guarantor. Lender is not required to seek payment from any other source before
> demanding payment from Guarantor. The "Note" is the promissory note dated
> 8/31/01 in the principal amount of ** Four Hundred Forty Five Thousand Dollars and
> No/100** Dollars, from Borrower to Lender.

Lucille signed an identical Unconditional Guarantee on August 31, 2001. On September 30,

2004, Frank and Lucille defaulted on the Note.

2

## B. Procedural History

Comerica filed suit against Frank and Lucille on March 4, 2005, alleging Breach of Guarantee. After the Espositos failed to respond to the Complaint for nearly three months, Comerica filed a Motion for Default Judgment. The Espositos appeared pro se at the default hearing, during which the following exchange took place.

THE COURT: The allegation is that you've defaulted on a note. What would your response be?

FRANK: I guess in a very strict sense I defaulted on the note.

THE COURT: The motion for default judgment is entered.

The court entered default judgment in favor of Comerica in the amount of $356,862.07.

On appeal, however, the Seventh Circuit determined, in an unpublished Order dated January 10, 2007, that the district court abused its discretion in entering the default judgment. The Seventh Circuit vacated the default judgment, and remanded the case to the district court.

On February 16, 2007, the Espositos filed their Answer, along with a Counterclaim and Affirmative Defenses. The sole basis for the Counterclaim and Affirmative Defenses are alleged violations of the Equal Credit Opportunity Act (the "Act"), 15 U.S.C. § 1691, *et seq*. The Espositos allege that Comerica violated the Act by requiring Lucille to sign the Unconditional Guarantee. On July 31, 2007, the court granted Comerica's Motion to Dismiss the Counterclaim, find it time-barred under the Act. For the reasons stated in the court's July 31, 2007 Minute Order, the court also strikes Defendants' Affirmative Defenses.

Comerica filed its Motion for Summary Judgment on June 22, 2007. The Motion is fully briefed and before the court.

## II. DISCUSSION

### A. Standard of Decision

Summary judgment is permissible when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The nonmoving party cannot rest on the pleadings alone, but must identify specific facts, see Cornfield v. Consolidated High Sch. Dist. No. 230, 991 F.2d 1316, 1320 (7th Cir. 1993), that raise more than a mere scintilla of evidence to show a genuine triable issue of material fact. See Murphy v. ITT Technical Services, Inc., 176 F.3d 934, 936 (7th Cir. 1999).

In deciding a motion for summary judgment, the court can only consider evidence that would be admissible at trial under the Federal Rules of Evidence. See Bombard v. Fort Wayne Newspapers, Inc., 92 F.3d 560, 562 (7th Cir. 1996). The court views the record and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party. FED. R. CIV. P. 56(c); see also Perdomo v. Browner, 67 F.3d 140, 144 (7th Cir. 1995). "In the light most favorable" simply means that summary judgment is not appropriate if the court must make "a choice of inferences." See United States v. Diebold, Inc., 369 U.S. 654, 655 (1962); see also First Nat'l Bank of Ariz. v. Cities Service Co., 391 U.S. 253, 280 (1968); Wolf v. Buss (America) Inc., 77 F.3d 914, 922 (7th Cir. 1996). The choice between reasonable inferences from facts is a jury function. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

When a party moves for summary judgment, the court must view the record and all inferences in a light most favorable to the nonmoving party. Ameritech Benefit Plan Comm. v. Communication Workers of Am., 220 F.3d 814, 821 (7th Cir. 2000). However, the inferences construed in the nonmoving party's favor must be drawn from specific facts identified in the

record that support that party's position. <u>Waldridge v. Am. Hoechst Corp.</u>, 24 F.3d 918, 922-23 (7th Cir. 1994). Under this standard, "[c]onclusory allegations alone cannot defeat a motion for summary judgment." <u>Thomas v. Christ Hospital and Medical Center</u>, 328 F.3d, 890, 892-93 (7th Cir. 2003)(citing <u>Lujan v. Nat'l Wildlife Federation</u>, 497 U.S. 871, 888-89 (1990)).

## B. Plaintiff's Motion for Summary Judgment

Defendants admit the following facts. On August 31, 2001, Comerica made a loan to WE in the amount of $445,000. This loan was made pursuant to the terms of a Note executed August 31, 2001, between Comerica and WE. The Note was secured by a Security Agreement executed between Comerica and Defendants. Frank and Lucille both signed Unconditional Guarantees guaranteeing payment to Comerica of all amounts due under the note. On September 30, 2004, Defendants defaulted on the Note.

In Illinois, the elements of breach of contract are: offer, acceptance, consideration, and failure to perform. <u>Smith v. Jones</u>, 497 N.E. 2d 738, 740 (Ill. 1986). In this case, Defendants have admitted each of these elements. They have admitted that they accepted Comerica's offer of a loan, they have admitted that the loan was disbursed to WE, and they have admitted that they defaulted on the loan. There is clearly no genuine issue of material fact in this case, and Comerica is therefore entitled to judgment as a matter of law.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment is granted. Plaintiff shall submit a brief outlining the amount of damages and interest requested on or before November 14, 2007. Defendants shall file a Response on or before November 28, 2007. Plaintiff shall file a Reply on or before December 5, 2007.

IT IS SO ORDERED.

ENTER:

CHARLES RONALD NORGLE, Judge
United States District Court

DATED: October 18, 2007